# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 14-576V
### Filed: February 11, 2015

* * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| GREGORY SMITH | * | |
| | * | |
| Petitioner, | * | Damages Decision Based on Proffer; |
| | * | Tetanus-diphtheria-acellular pertussis |
| v. | * | ("Tdap") Vaccine; Shoulder Injury |
| | * | Related to Vaccine Administration |
| | * | ("SIRVA"); Special Processing Unit |
| | * | ("SPU") |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

Marvin Firestone, Esq., Marvin Firestone, MD, JD and Associates, San Mateo, CA, for petitioner.
Heather Pearlman, Esq., U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

**Vowell**, Chief Special Master:

On July 8, 2014, Gregory Smith filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*,[2] (the "Vaccine Act" or "Program").  The petition alleges that as a result of a Tetanus-diphtheria-acellular pertussis ("Tdap") vaccination on July 11, 2011, petitioner suffered a left shoulder injury and related sequelae. Petition at 6. The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

On October 29, 2014, I issued a ruling on entitlement, finding petitioner entitled to compensation.  On February 10, 2015, respondent filed a proffer on award of compensation ("Proffer") detailing compensation for all elements of compensation to

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002).  In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

which petitioner would be entitled under §15(a). According to respondent's Proffer, petitioner agrees to the proposed award of compensation.

Pursuant to the terms stated in the attached Proffer, **I award petitioner a lump sum payment of $201,882.12 in the form of a check payable to petitioner.**

This amount represents compensation for all damages that would be available under §15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]


**IT IS SO ORDERED.**

**s/Denise K. Vowell**
**Denise K. Vowell**
**Chief Special Master**

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

_____

```
                                     )
GREGORY SMITH,                       )
                                     )
              Petitioner,            )      No. 14-576V
                                     )      Chief Special Master Vowell
       v.                            )      ECF
                                     )
SECRETARY OF HEALTH AND              )
HUMAN SERVICES,                      )
                                     )
              Respondent.            )
                                     )
```

_____

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.      Compensation for Vaccine Injury-Related Items**

For purposes of this Proffer, the term "vaccine-related" is described in Respondent's Rule

4(c) Report, filed on October 29, 2014, conceding entitlement in this case.  Respondent proffers

that, based on the evidence of record, petitioner should be awarded $201,882.12.  This amount

represents all elements of compensation to which petitioner would be entitled under 42 U.S.C.

§ 300aa-15(a)(1); 15(a)(3)(A); and 15(a)(4).  Petitioner agrees.

**II.     Form of the Award**

The parties recommend that the compensation provided to petitioner should be made

through a lump sum payment as described below, and request that the special master's decision

and the Court's judgment award the following:[1]

A.  A lump sum payment of $201,882.12 in the form of a check payable to petitioner,
    Gregory Smith.  This amount accounts for all elements of compensation under 42 U.S.C.
    § 300aa-15(a) to which petitioner would be entitled.

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respectfully submitted,

JOYCE R. BRANDA
Acting Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

MICHAEL P. MILMOE
Senior Trial Counsel
Torts Branch, Civil Division

s/ Heather L. Pearlman
HEATHER L. PEARLMAN
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Phone:   (202) 353-2699
Fax:       (202) 616-4310

Dated:  February 10, 2015